IN THE SUPREME COURT OF THE STATE OF MONTANA

No. AF 07-0110

**FILED**

MAR 24 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

| | | |
|---|---|---|
| IN RE A PROPOSED NEW RULE TO BE ADDED | ) | |
| TO THE MONTANA UNIFORM DISTRICT | ) | O R D E R |
| COURT RULES | ) | |

The members of the Uniform District Court Rules Commission have offered a proposal for a new rule to be added to the Uniform District Court Rules as Rule 16. The proposed new rule deals with electronically-generated signatures.

Proposed Rule 16 would provide as follows:

**Rule 16 – Attorney's Copied or Electronically-Generated Signature.**

**An attorney's copied or electronically-generated signature shall be deemed original for all court-filed documents.**

**Commission Comments:**
Presently, there is no consistency among the judicial districts or uniform rules concerning the filing of documents with the copy of an attorney's signature or an electronically-generated signature of an attorney. Local district court rules vary from the Fourth Judicial District's Rule 3F ("Documents may be submitted for filing by email or facsimile...") to the Sixth Judicial District's Rule 10 (no fax filing "absent actual emergency"). Some judicial districts require the filing of an original copy after a facsimile copy is filed, e.g. the Eighteenth Judicial District's Rule 15 ("...provided the original document is filed with the Clerk of the District Court within five business days of the receipt of the facsimile copy"). With the recognition of electronic records, signatures and contracts (*see* "Uniform Electronic Transactions Act," §§ 30-18-101 et. seq., MCA, particularly § 30-18-106, MCA ("If a law requires a signature, an electronic signature satisfies the law.")), the proposed rule will conform to contemporary recognition of copy and electronically-generated signatures. With the movement toward electronic filings in Montana district courts, this rule will provide initial consistency among the judicial districts. Concerning any possible abuse, Rule 11, M. R. Civ. P., provides for sanctions if an attorney were to violate the rule. The rule will not apply to self-represented litigants.

1

IT IS ORDERED that all members of the bench and bar of Montana and any other interested persons are granted ninety days from the date of this Order in which to file with the Clerk of this Court comments and/or suggestions to the above proposed Rule 16.

IT IS FURTHER ORDERED that this Order shall be posted on the Court's website, and the State Bar of Montana is asked to post a link to this Order on the Bar's website. The State Bar is further asked to give notice of this Order and of its website posting in the next available issue of the *Montana Lawyer*.

The Clerk is directed to provide copies of this Order to each district court judge and each clerk of the district court for the state courts of Montana, and to each member of the Uniform District Court Rules Commission.

DATED this _____ day of March, 2014.

Chief Justice

2

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. AF 07-0110

**FILED**

MAR 24 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN RE A PROPOSED NEW RULE TO BE ADDED )
TO THE MONTANA UNIFORM DISTRICT )     O R D E R
COURT RULES )

The members of the Uniform District Court Rules Commission have offered a proposal for a new rule to be added to the Uniform District Court Rules as Rule 16. The proposed new rule deals with electronically-generated signatures.

Proposed Rule 16 would provide as follows:

**Rule 16 – Attorney's Copied or Electronically-Generated Signature.**

**An attorney's copied or electronically-generated signature shall be deemed original for all court-filed documents.**

**Commission Comments:**
Presently, there is no consistency among the judicial districts or uniform rules concerning the filing of documents with the copy of an attorney's signature or an electronically-generated signature of an attorney. Local district court rules vary from the Fourth Judicial District's Rule 3F ("Documents may be submitted for filing by email or facsimile...") to the Sixth Judicial District's Rule 10 (no fax filing "absent actual emergency"). Some judicial districts require the filing of an original copy after a facsimile copy is filed, e.g. the Eighteenth Judicial District's Rule 15 ("...provided the original document is filed with the Clerk of the District Court within five business days of the receipt of the facsimile copy"). With the recognition of electronic records, signatures and contracts (*see* "Uniform Electronic Transactions Act," §§ 30-18-101 et. seq., MCA, particularly § 30-18-106, MCA ("If a law requires a signature, an electronic signature satisfies the law.")), the proposed rule will conform to contemporary recognition of copy and electronically-generated signatures. With the movement toward electronic filings in Montana district courts, this rule will provide initial consistency among the judicial districts. Concerning any possible abuse, Rule 11, M. R. Civ. P., provides for sanctions if an attorney were to violate the rule. The rule will not apply to self-represented litigants.

1

IT IS ORDERED that all members of the bench and bar of Montana and any other interested persons are granted ninety days from the date of this Order in which to file with the Clerk of this Court comments and/or suggestions to the above proposed Rule 16.

IT IS FURTHER ORDERED that this Order shall be posted on the Court's website, and the State Bar of Montana is asked to post a link to this Order on the Bar's website. The State Bar is further asked to give notice of this Order and of its website posting in the next available issue of the *Montana Lawyer*.

The Clerk is directed to provide copies of this Order to each district court judge and each clerk of the district court for the state courts of Montana, and to each member of the Uniform District Court Rules Commission.

DATED this 28th day of March, 2014.

Chief Justice